FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LANCE S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 1:18-CV-03057-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REQUESTING REMAND AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART**

Before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Motion for Summary Judgment Requesting Remand, ECF No. 17. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits under Title II and his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS**

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REQUESTING REMAND AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART ~ 1**

Defendant's Motion for Summary Judgment Requesting Remand and Plaintiff's Motion for Summary Judgment is **GRANTED in part**.

## I. Jurisdiction

Plaintiff protectively filed his applications for Disability Insurance Benefits and Supplemental Security Income on October 2, 2014. AR 18, 222-28. His alleged onset date of disability is November 30, 2007. AR 222, 224. Plaintiff's applications were initially denied on January 20, 2015, AR 146-57, and on reconsideration on March 20, 2015, AR 160-70.

A hearing with Administrative Law Judge ("ALJ") Stephanie Martz occurred on January 27, 2017. AR 37-75. On March 18, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 18-32. The Appeals Council denied Plaintiff's request for review on February 14, 2018, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on April 11, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Issues for Review

Both parties agree that the ALJ erred in evaluating the medical opinion evidence, Plaintiff's severe impairments at step two, Plaintiff's subjective complaint credibility, and in assessing Plaintiff's residual functional capacity. The only issue that remains before the Court is whether this case should be remanded for a finding of disability of for further proceedings.

## III. Discussion

**A. Standard of Review.**

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REQUESTING REMAND AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART ~ 2**

1996). Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court can remand for an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004). Case law dictates that the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits only if:

> (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence;
> (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and
> (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*; *Harman*, 211 F.3d at 1178 (quoting *Smolen*, 80 F.3d at 1292.

**B. Analysis.**

In this case, the Court finds that further proceedings are necessary for a proper determination to be made. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated.").

First, the medical opinions must be considered and reconciled, and a remand for further proceedings is appropriate to resolve conflicts and re-assess Plaintiff's residual functional capacity. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015). Second, by improperly discounting medical opinions, the residual functional capacity failed to fully account for physical and mental impairments.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REQUESTING REMAND AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART ~ 3**

Remand is necessary to correct this error and re-assess Plaintiff's residual functional capacity. *See Ghanim v. Colvin,* 763 F.3d l 154, J 162 (9th Cir. 2014). Third, due to the improperly discounted medical opinions, the ALJ improperly evaluated Plaintiff's subjective complaint credibility and remand is appropriate to properly consider Plaintiff's credibility.

Because the record has not been fully developed and there is a need to resolve conflicts and ambiguities, remand for further proceedings is appropriate. *See Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014). As such, Plaintiff's request for an immediate award of benefits is denied as further proceedings are necessary to develop the record.

## IV.     Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of legal error. The Commissioner's decision to deny Plaintiff's applications for Social Security disability benefits under the Social Security Act is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Upon remand, the Appeals Council should direct the administrative law judge to: (1) hold a new hearing, update the medical records, and issue a new decision; (2) reevaluate and further develop the medical opinions of record; (3) reconsider the subjective allegations pursuant to Social Security Ruling (SSR) 16-3p; (4) reevaluate step two of the sequential evaluation process, if warranted obtain medical expert evidence regarding the nature and severity of Plaintiff's impairments; (5) reevaluate Plaintiff's residual functional capacity pursuant to SSR 96-8p; and (6) reevaluate steps four and five with the assistance of a vocational expert and consider that evidence pursuant to SSR 00-4p.

\\

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REQUESTING REMAND AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART ~ 4**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment Requesting Remand, **ECF No. 17**, is **GRANTED**.
2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED in part and DENIED in part**.
3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.
4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file.**

**DATED** this 26th day of December, 2018.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge